## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HANNAH MUNGAMURI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23cv844 HEA |
| | ) | |
| BEV GARNAUT, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

Plaintiff filed this pro se lawsuit seeking "the documents issued by Mt. Calvary Lutheran Church officially stating [her] transfer/removal from that congregation and the reason therewith; return of funds [given] to Mt. Calvary ($76,000); strictly supervise [Defendant] for slandering [her] about having a new congregation even though [she does] not." Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons below, the Motion will be granted.

Plaintiff's Complaint (submitted on a Court provided form) lists the basis for the Court's jurisdiction as both Federal question-"protection of an immigrant woman from India in USA" and diversity of citizenship-Plaintiff "is a citizen of the state of India" and Defendant "is a citizen of the USA."

Since federal courts are courts of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must consider whether the Complaint involves a case or controversy within its jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**Diversity Jurisdiction**

District courts have jurisdiction to hear "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subject of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.  Plaintiff, the party seeking a federal forum, bears the burden of demonstrating that the parties are diverse within the statutory definitions. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

According to the complaint, Plaintiff is a "citizen of India,"  and Defendant is a "citizen of the USA." Plaintiff does not delineate whether she is a permanent resident in the United States and domiciled in Missouri. Thus, Plaintiff has not met her burden of demonstrating complete diversity of citizenship.

**Federal Question**

Because diversity jurisdiction under § 1332(a) is inapplicable, this Court must determine whether federal question jurisdiction exists. District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Merely identifying a federal issue is not enough to confer federal jurisdiction; the right being enforced must arise from federal law. *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1066 (8th Cir. 2023). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Liberally construing the allegations in Plaintiff's complaint, she has not pleaded a viable claim arising under federal law. Plaintiff alleges Defendant is liable for slandering her, which is a state law claim. Plaintiff does not identify any federal law or constitutional provision that provides for a cause of action for slander or for any other of the claims in Plaintiff's complaint. Federal question

jurisdiction is therefore lacking and there is no basis to determine from the complaint that there exists complete diversity of citizenship. Federal Rule of Civil Procedure 12(h)(3) mandates that this Court grant defendants' motions to dismiss under Rule 12(b)(1) and dismiss this action due to lack of subject-matter jurisdiction. See *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases.").

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [Doc. No. 5] is granted, and this action is dismissed without prejudice.

Dated this 5th day of March 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE